UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ORUCH LOWENBEIN on behalf of himself and
all others similarly situated

                       Plaintiff,

                                                       11 CV 1144 (CBA)

      -against-

NCO FINANCIAL SYSTEMS, INC.

                       Defendant.

-----------------------------------------------------------

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1. Oruch Lowenbein seeks redress for the illegal practices of NCO Financial Systems, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and in violation of the Telephone Communications Privacy Act, 42 U.S.C. § 227 ("TCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4. Upon information and belief, NCO Financial Systems, Inc. is an Pennsylvania corporation with its principal place of business located in Horsham, Pennsylvania.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Oruch Lowenbein*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On or about July 14, 2010, one of defendant's collection representative left a message for the plaintiff on her answering machine.

11. Said message failed to set forth that the matter was a communication from a debt collector.

12. Plaintiff has the message recorded.

**13.** Said message is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

14. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this cause of action.

15. This cause of action is brought on behalf of plaintiff and the members of a class.

16. The class consist of consumers who received a message from the defendant which did not set forth that the call was a communication from a debt collector.

17. The Class consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives failing to set forth that the message was from a debt collector similar to the message for the plaintiff of July 14, 2010 (b) the message was left concerning the seeking payment of an alleged personal debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that scripted telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

    (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

    (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection telephone calls, such as those made by the defendant's representatives are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

22. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiff*

24. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-12 as if set forth fully in this Cause of Action.

25. The defendant left about fifteen pre-recorded messages for the plaintiff from July 9, 2010 until September 2, 2010.

26. At no time did the plaintiff give his express consent to be contacted by the defendant at the telephone number at which the defendant left the said messages.

27. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice or that originated from an automated dialer to deliver messages without having the consent of the plaintiff to leave such messages.

28. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant.

29. The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for

marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

30. Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

31. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the telephone number at issue.

32. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

33. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

34. All actions taken by Defendants were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

### *Violations of the Telephone Communications Privacy Act*

35. The actions of the defendant violate the TCPA.

36. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff and $1500 for each call where the

defendant failed to leave the legal name of the defendant in other words to violations warranting treble damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 31, 2011

/s/
_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

/s/
_____
Adam J. Fishbein  (AF-9508)